UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FIVE STAR SERVICE CORP., | Case No. 2:04-cv-01250-JCM-LRL |
| Plaintiff, | ORDER |
| v. | |
| SIDIQUE MOHAMMED, *et al.*, | |
| Defendants. | |

Presently before the court is the matter of *Five Star Service Corp. v. Sidique Mohammed, et al.*, case number 2:04-cv-01250-JCM-LRL.

Defendants Sidique and Gloria Mohammed (the "Mohammeds") formerly held an interest as joint tenants in real property located at 4858 Ashbrook Place, Las Vegas, Nevada 89117. (ECF Nos. 1, 33). The Mohammeds purchased the property with a loan. *See* (ECF No. 1). The lender secured the loan with a deed of trust that named Westwood Associates as trustee and Weyerhaeuser Mortgage Company of Nevada as beneficiary. *Id*. On or about January 11, 2004, plaintiff Five Star Service Crop ("Five Star") became the deed of trust's trustee and beneficiary. *Id*.

On May 14, 2004, Five Star sold the property in a nonjudicial foreclosure sale in exchange for $160,000. (ECF Nos. 1, 33). At the time of the sale, the Mohammeds owed Five Star $17,130.77 pursuant to the deed of trust. (ECF No. 1). The foreclosure sale proceeds satisfied the Mohammeds' debt to Five Star. *Id*. However, Five Star was unable to determine who held title in the remaining funds because defendant United States District Court (the "government") claimed a competing interest in the property under a lien that the government

recorded on April 8, 1988. *Id.*

On July 2, 2004, Five Star initiated this action in interpleader, requesting a Nevada state court to determine who held title in the excess proceeds. *Id.* On September 8, 2004, the government removed this action to federal court. *Id.* On February 8, 2005, the court ordered Five Star to deposit with the clerk the remaining proceeds in the amount of $142,869.23. (ECF No. 25). On March 2, 2005, Five Star deposited the excess proceeds in compliance with the court's order. (ECF No. 27).

On April 22, 2005, the court relieved Five Star as a stakeholder in the excess proceeds and disbursed $4,856.50 to Five Star for attorney's fees and costs. (ECF No. 30). On March 29, 2006, the court entered summary judgment in favor of the government. (ECF No. 36). On April 4, 2006, the clerk entered judgment, awarding the government $65,000. (ECF No. 38). The federal registry subsequently disbursed $65,000 to the government.

Since the court entered final judgment, the parties have not participated in this action. However, $73,012.73 plus interest remain in the federal registry. Because the record does not indicate any competing interest to the Mahammeds claim to the foreclosure proceeds, the court will disburse all remaining funds to the Mohammeds.

Accordingly,

IT IS SO ORDERED.

DATED THIS 5th day of April 2019.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE